# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2207 | DATE | APR 2 8 2008 |
| CASE TITLE | U.S. ex rel. Albert Murphy (#2006-0096780) vs. Thomas Dart | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* [#3] is granted. However, the petitioner is ordered to show good cause in writing why his petition should not be stayed or dismissed for failure to exhaust state court remedies prior to seeking federal habeas relief. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [For further details see text below.]                                          Docketing to mail notices.

## STATEMENT

Albert Murphy, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for aggravated battery with a firearm and attempted first degree murder on the grounds that: (1) police and prosecutors engaged in misconduct; (2) there was no warrant or probable cause to justify a search or seizure; and (3) the evidence failed to establish the petitioner's guilt beyond a reasonable doubt.

The petitioner having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Although the petitioner has already paid the filing fee, his i.f.p. status may affect such future considerations as his eligibility for court-appointed counsel.

However, the petitioner is ordered to show good cause in writing why the petition should not be stayed or summarily dismissed for failure to exhaust state court remedies prior to filing suit. An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Here, the petitioner, who was convicted on October 29, 2007, concedes that he has not yet filed either a direct appeal or a post-conviction petition. In fact, he admits that post-trial motions are still pending in the trial court. If the petitioner has failed to exhaust available state court remedies, his federal habeas petition is not ripe for review. *See, e.g., United States ex rel. Bailey v. Riker*, No. 07 C 1759,
**(CONTINUED)**

mjm

**STATEMENT (continued)**

2007 WL 2410117, at *1-2 (N.D. Ill. Aug. 15, 2007) (Gottschall, J.); *United States ex rel. Rico v. Hinsley*, No. 04 C 5081, 2007 WL 2225903, at *4 (N.D. Ill. Aug. 1, 2007) (Pallmeyer, J.).

For the foregoing reasons, the petitioner is ordered to show good cause in writing why the petition should not be dismissed for failure to exhaust state court remedies prior to seeking federal habeas review. Failure to demonstrate exhaustion within twenty-one days of the date of this order will result in summary dismissal of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

*Wm. J. Hibbler*