United States District Court, Northern District of Illinois

United States of America ex rel.
Albert, Murphy (#2006-0096780)   ) Case. No. 08C 2207
PETITIONER                       )
        VS.                      )
                                 )  FILED
Thomas Dart                      )
                                 )  MAY 19 2008
                                 )  MICHAEL W. DOBBINS
                                 )  CLERK, U.S. DISTRICT COURT

Now comes the petitioner Albert Murphy pro se in response To the honorable federal court as to why he has not exhaust state court remedies prior to seeking federal habeas relief.

To the honorable Judge William J Hibbler, Petitioner Albert Murphy pray that the honorable court would not Dismiss his petition of federal habeas relief for failure to exhaust his state remedies. Petitioner states that the prejudice he faces in the state court was so over whaming that it shock his moral senses. Do to this prejudice petitioner Albert Murphy would never have the opportunity to address his Constitutional Violations, and obtain justice by Law, freely, completely, and promptly.

Petitioner Albert Murphy filed a motion for Substition of Judge on the ground that such judge is so prejudiced

Page 1

against him that he cannot receive a fair Trial. Upon the filing of such a Motion the court shall proceed no further in the cause but shall transfer it to another judge. The states court erred in denying petitioner motion for substition of Judge. Petitioner filed that motion March 13, 07. for substitution of Judge.

State's Attorney in this case seeks to show bad faith against petitioner. The duty of a prosecutor or other government Lawyer shall not institute or cause to be instituted crimal charges when such prosecutor or lawyers know or reasonably should that the charges are not supported by probable cause, Thus Illinois Court Rules and Procedures: special Responibilities of a prosecutor Rules 3.8 (a) + (b).

The prosecutor has has a duty of good faith to the court, the grand jury and the defendant, United states vs Samange, et al (9th cir 1979 607 F. 2d 877. And the evidence here tends to indicate the prosecutor relinquished her duty of good faith and mislead the grand jurors, and the jurors, in petitioner Jury trial, about the nature of the charges against the defendant in violation of due process.

State court also erred in denying petitioner Albert Murphy motion for a directed verdict of not guilty do to a lack of evidence and constitutional claim's.

Petitioner Albert Murphy states that the merits must be considered in this case, and the great writ of habeas corpus is a fundamental guarantee of liberty. The conviction of petitioner Albert Murphy has resulted in a constitutional violation of ~~Do~~ Due process. The 2006 indictment was obtained through the use of perjured testimony and that it violated his due process rights. In this case there has been a clear denial of due process that prejudices the petitioner. The court has the ability to dismiss a criminal charge for a due process violation, this ability is nevertheless recognized as part of the trial court's inherent authority to guarantee the defendant a fair trial. People v. Lawson, 67 Ill. 449, 456, 10, Ill. Dec. 478, 367 N.E 2d 1244. (1977). Petitioner alleged that Detective Garcia's testimony befor the grand jury was materially false, perjured, and misleading. Petitioner ask that the charges be dismissed because of the due process violation resulting from Garcia's false testimony. Here the states secured the 2006 indictment through the use of perjured testimony.

Petitioner states that there is no way he would recieve a fair state remedies do to the prejudiced and prosecutoral misconduct he suffered from in trial court. In this case there is a absence of available state corrective process, and the existence of circumstances rendering such process ineffective to protect the rights of petitioner Albert. Murphy. Petitioner Albert. Murphy states that trial court have denied him a fair adjudication of the ~~states~~ legality of his detention under the constitution

(3)

and Laws of the states. Petitioner is not seek relief but he alleged to be unlawfully in custody. Albert Murphy thus may find himself ensnared in what has aptly been termed Catch 2254- unable to vindicate his constitutional rights in state courts. Petitioner denial of substitution of Judge because of prejudice violated petitioner constitutional rights and this is clearly prosecutorial misconduct the trial court fails to perform it's duty Smith v Hooey, it must face the consequences of possibly not obtaining a conviction, Barker v Wingo, But the fact that the state has a duty by no means leads to the conclusion that the failure to perform that duty can be raised by a prospective defendant on federal habeas corpus in advance of trial. For the reason stated petitioner Albert Murphy pray that the honorable federal court would not dismiss his petition of habeas corpus for failure to exhaust state court remedies. Petitioner pray that he has good cause for not exhaust state court remedies prior to seeking federal habeas relief.

Respectfully submitted
Albert Murphy   Pro se
I.D. 20060096780

5-17-08

(4)