In THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

United States of America ex rel.,
Albert Murphy I.D. 20060096780

vs.

Thomas Dart

Case No: 08C2207

FILED

MAY 22 2008
May 22 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JS

Now comes the petitioner Albert Murphy pro se, response to the honorable federal court Judge William J. Hibbler as to why petitioner fail to exhaust state court remedies prior to filing suit.

Petitioner Albert Murphy states that the prejudice and prosecutorial misconduct he suffered from in state trial court was so over whaming that it shock his moral sense, and the prejudice and prosecutorial misconduct violated his due process rights.

On March 13, 07 petitioner Albert Murphy file a motion for substitution of Judge (A) on the grounds that such Judge is so prejudice against him that he can not receive a fair Trial.

The Judge erred in denying petitioner motion. Prosecutors was also prejudice toward petitioner which was an act of bad faith.

Illinois Court Rules and Procedures: Special Responsibilities of a Prosecutor Rule 3.8(a)+(b) state: (a) the duty of a public prosecutor or other government lawyer shall not institute or cause to be instituted criminal charges when such prosecutor or lawyer knows or reasonably should know that the charges are not supported by probable cause. Thus, the prosecutor has a duty of good faith to the court, the grand jury and the defendant United States vs. Samange et al, (9th Cir 1979, 607 F. 2d 877.

And the evidence here tends to indicate the prosecutor relinquished her duty of good faith and mislead the grand jurors and the jurors in petitioner's trial about the nature of the charges against the defendant in violation of due process.

State trial court erred in denying petitioner's Albert Murphy's motion for a directed verdict of not guilty at the close of the evidence.

Petitioner states that the merits must be considered in this case.

(2)

Petitioner states that there is no "way" he would recieve a fair state remedies do to the prejudiced and prosecutorial misconduct he suffered in trial court. In this case there is a absense of available state corrective process and the existence of circumstances rendering such process ineffective to protect the rights of the state prisoner. Petitioner Albert Murphy states that trial court have denied him a fair adjudication of the legality of his detention under the constitution and laws of the states. Petitioner is not seeking relief but he alleged to be unlawfully in custody. Albert Murphy, thus may find himself ensnared in what has aptly been termed catch 2254 - unable to vindicate his constitutional rights in state court. Petitioner request a substitution of judge do to the prejudice and prosecutorial misconduct he face in trial court is a clear denial of due process. If the state fails to perform it's duty Smith v Hooey, it must face the consequences of possibly not obtaining a conviction Barker v Wingo,. But the fact that the state has a duty by no means leads to the conclusion that the failure to perform that duty can be raised by a prospective defendant on federal habeas corpus in advance of trial. The conviction of petitioner Albert Murphy has resulted in a constitutional violation of Due process. The 2006 indictment was obtained through the use of perjured testimony and that it violated his due process rights.

(3)

In this case there has been a clear denial of due process that prejudices the petitioner. The court has the ability to dismiss a criminal charge for a due process violation this ability is nevertheless recognized as part of the trial court's inherent authority to guarantee the defendant a fair trial. People v Lawson, 67 Ill. 449, 456, 10. Ill. Dec 478, 367 N.E. 2d 1244 (1977) Petitioner alleged that Garcia's testimony before the grand jury was materially false, perjured, and misleading. Petitioner ask that the charges be dismissed because of the due process violation resulting from Garcia's false testimony. Here the state's secured the 2006 indictment through the use of perjured testimony.

For the reason stated petitioner Albert Murphy pray that the honorable federal court would not dismiss his petition for failure to exhaust state court remedies. Albert Murphy also pray and hope he has made a good showing of why he has not exhaust stat court remedies.

Respectfully submitted

*Albert Murphy*                      5/16/08

I.D.N# 20060096780

(4)