# United States District Court, Northern District of Illinois

*HHW*

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2207 | **DATE** | May 29, 2008 |
| **CASE TITLE** | U.S. ex rel. Albert Murphy (#2006-0096780) vs. Thomas Dart | | |

**DOCKET ENTRY TEXT:**

The petitioner has failed to exhaust state court remedies prior to seeking federal habeas corpus relief. Accordingly, the court summarily dismisses the petition for a writ of habeas corpus, without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The case is terminated. The petitioner's motion for appointment of counsel [#4] is denied as moot.

■ [For further details see text below.]    *Wm. J. Hibbler*    Docketing to mail notices.

---

## STATEMENT

Albert Murphy, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for aggravated battery with a firearm and attempted first degree murder on the grounds that: (1) police and prosecutors engaged in misconduct; (2) there was no warrant or probable cause to justify a search or seizure; and (3) the evidence failed to establish the petitioner's guilt beyond a reasonable doubt.

By Minute Order of April 28, 2008, the court granted the petitioner's motion to proceed *in forma pauperis* but ordered him to show good cause in writing why his petition should not be stayed or dismissed for failure to exhaust state court remedies prior to seeking federal habeas relief. Having considered the petitioner's response, the court remains satisfied that dismissal is warranted.

As discussed in the court's prior order, an inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Here, the petitioner, who was convicted on October 29, 2007, concedes that he has not yet filed either a direct appeal or a post-conviction petition. In fact, at the time he initiated this suit, post-trial motions were still pending in the trial court. The petitioner argues that he cannot get a fair shake from either the judge or the prosecutor in his criminal case; however, he has not provided any facts establishing that he could not raise any perceived trial defects through the appeal process and/or by way of a post-conviction petition. Because the petitioner has not exhausted available state court remedies, his federal habeas is not ripe for review. *See, e.g.,*

**(CONTINUED)**

mjm

## STATEMENT (continued)

*United States ex rel. Bailey v. Riker*, No. 07 C 1759, 2007 WL 2410117, at *1-2 (N.D. Ill. Aug. 15, 2007) (Gottschall, J.); *United States ex rel. Rico v. Hinsley*, No. 04 C 5081, 2007 WL 2225903, at *4 (N.D. Ill. Aug. 1, 2007) (Pallmeyer, J.).

For the foregoing reasons, after preliminary review, the court summarily dismisses the petition for a writ of habeas corpus, without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The case is terminated.

"The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2). Nevertheless, to avoid any potential problems with the statute of limitations, the petitioner should file a habeas petition as soon as possible after his state appeal is decided, if the result is not favorable to him.